IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00067-CV

 

Galindo Engineers and Planners,

                                                                                    Appellant

 v.

 

Paul Dickson,

                                                                                    Appellee

 

 

 



From the 361st District
Court

Brazos County, Texas

Trial Court No. 05-001335-CV-361

 



MEMORANDUM  Opinion



 

Appellant has filed a “Withdrawal of
Notice of Appeal.”  See Tex. R.
App. P. 42.1(a)(1).  It states that Appellant desires to withdraw its
notice of appeal.

Dismissal of this appeal would not
prevent a party from seeking relief to which it would otherwise be entitled. 
The appeal is dismissed.  

 

REX D. DAVIS

Justice

 

 

Before Chief
Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Dismissed

Opinion
delivered and filed March 25, 2009

[CV06]

 

 








 






ence an unadjudicated extraneous offense
during the punishment hearing, in violation of Article 37.07(3)(A), Tex. Code Crim. Proc.”
      Trial was to a jury. Angelo Favella testified that when he was six or seven years old,
appellant, his step-grandfather, began a pattern of repeated sexual abuse toward him. Other
witnesses confirmed Angelo’s testimony. The jury found appellant guilty.
      To support its plea for a maximum sentence, at punishment phase, the state presented
evidence of appellant’s extraneous sexual misconduct toward other children in his wife’s
family. At the hearing on the admissibility of the extraneous misconduct evidence offered by
the State, appellant objected under Tex. R. Evid. 403 and 611, claiming the evidence was not
probative because it concerned “remote” prior incidents occurring in 1990 and 1993.
      Appellant’s point of error states that the admission of the evidence was error under Tex.
Code. Crim. Proc. Article 37.07(3)(A) because it concerned an unadjudicated extraneous
offense.
      Appellant’s argument that unadjudicated acts of misconduct are inadmissible at punishment
under Article 37.07 does not comport with his trial objections that evidence of remote and
prejudicial misconduct involving acts with other children is inadmissible under Tex. R. Evid.
403 and 611.
      To preserve error for appellate review, the complaining party must make a timely specific
objection at the earliest possible opportunity and obtain an adverse ruling from the trial court. 
Furthermore, the point of error on appeal must correspond to the objection made at trial. 
Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991).
      Appellant has not preserved error. Moreover, Article 37.07(3)(A) provides that in the
punishment phase evidence may be offered . . . as to any matter the court deems relevant to
sentencing, including but not limited to the prior record of the defendant, his general
reputation, his character, an opinion regarding his character, the circumstances of the offense
for which he is being tried and . . . “any other evidence of an extraneous crime or bad act that
it shown beyond a reasonable doubt by evidence to have been committed by the defendant or
for which he could have been held criminally responsible, regardless of whether he has
previously been charged with or finally convicted of the crime or act . . . .”
      Appellant’s complaint concerns the testimony of his sixteen year old step-granddaughter
Erica Favella. She testified that appellant directed sexual misconduct towards her when she
was six or seven years old. She testified that appellant kissed her on her “neck towards my
chest.” As appellant was doing this, Erica’s mother came into the room and angrily
confronted appellant for his actions. For more than a year after this, Erica was not allowed to
return to her grandmother’s home.
      The evidence was admissible under Article 37.07(3)(A) wherein it states, that any other
evidence of an extraneous crime or bad act that is proven beyond a reasonable doubt to have
been committed by the defendant . . . regardless of whether he has been previously charged
with or finally convicted of the crime or act.
      Appellant has not only failed to preserve his complaint for review, but the evidence
complained of was admissible.
      Appellant’s point is overruled.
 

      The judgment is affirmed.


                                                                   FRANK G. McDONALD
                                                                   Chief Justice (Retired)

Before Justice Vance,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 24, 2000
Do not publish